UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Wren,

Case No.:  24-CVC-04279 (ECT/DLM)

Plaintiff,

v.

The Minneapolis Police Department,
Nicholas J. Torborg, in his individual
and capacity; Sgt. Charles Green,
Craig Brown capacity, and John/Jane
Does, in their individual capacity.

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendants.

Defendants Nicholas J. Torborg, Charles Green, Craig Brown, and the Minneapolis Police Department (collectively and hereinafter "Defendants") respectfully submit this Supplemental Memorandum in Opposition Plaintiff James Wren Motion to Compel.

## I.    Torborg Blue Card

Defendant Nicholas Torborg's Blue Card was produced to Plaintiff on December 8, 2025. It lists the case number and the status.  Each of the complaints are listed as "closed with no discipline."  None of the conduct at issue in the complaints relate to the use of a maximal restraint device or handcuffing, which are the issues here.  Moreover, none of the complaints involve Torborg using force on anyone.

## II.     July 2025 Request #2

Request for Production of Documents #2 requests:

> All BWC from MPD officer Justin Young on June 10, 2019 from when Plaintiff was placed in handcuffs until Plaintiff was escorted into room 108.

Defendants responded:

> **RESPONSE**:     Defendant objects to this request as seeking documents not calculated to lead to the discovery of admissible information.  Notwithstanding said objections, see attached Body Worn Camera footage of Young's interaction with Ms. Wagner and also with Plaintiff.

Defendants have fully complied with this request having already produced all Body Worn Camera footage from Justin Young on June 10, 2019.  Defendants produced three videos. The first video depicts Mr. Wren exiting the squad car at the First Precinct. The second video depicts Officer Young's viewpoint from outside the precinct. The third video depicts the apprehension of Mr. Wren after the shooting. It also depicts persons at the scene speaking with Officer Young following the shooting.  While Defendants objected to these videos being produced as not calculated to lead to the discovery of admissible evidence, they still produced them.  Because all Young videos have been produced, Defendants have fully complied and can produce nothing more.

Regarding *Barnes v. Felix*, 605 U.S. 73 (2025), the Court directs the analysis of the reasonableness of a use of force to consider the totality of the

circumstances.  Here, force was used when Mr. Wren repeatedly kicked a wall at the precinct, causing considerable damage, and refused to stop kicking it when ordered to do so.  Whether Mr. Wren was cooperative an hour earlier has no bearing on the need to stop Mr. Wren from kicking the wall at the time he was doing so.

3

Dated: December 23, 2025

KRISTYN ANDERSON
City Attorney
By  *s/ Tracey Fussy*
TRACEY FUSSY (3117807)
HEATHER P. ROBERTSON (0390470)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-2254
(612) 299-2742
tracey.fussy@minneapolismn.gov
heather.robertson@minneapolismn.gov

*Attorneys for Defendants Minneapolis Police, Nicholas Torborg, Charles Green and Craig Brown*

4