UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James D. Wren
Plaintiff,

Case No. 24-cv-4279

RECEIVED BY MAIL
JAN 20 2026
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

V.

The Minneapolis Police Department
Nicholas J. Torborg, Sgt Charles Green,
Craig Braun, and John / Jane Does,
in their individual and offical capacity.
Defendants

PLAINTIFF RESPONSES TO DEFENDANTS REQUEST FOR DOCUMENTS

James D. Wren ("here in after Plaintiff") make the Following General objections to Defendant's Request for Documents to Plaintiff:

# GENERAL OBJECTIONS

Plaintiff make the following General Objections to Defendants Request for Documents ("Document Request"):

1. Regardless of Defendant's instructions and definitions, Plaintiff do not undertake any obligation to respond to Defendant's Document Request other than these obligations Set forth in the federal Rules of Civil Procedure.

SCANNED
JAN 20 2026
U.S. DISTRICT COURT ST. PAUL

2. Plaintiff object to Defendant's Document Request to the extent that they seek information not proportional to the needs of the case, considering the importance of the issues at stake in this action, the importance of resolving the issues, and whether the burden or expense of the proposed discovery outweighs its benefit.

3. Plaintiff object to Defendant's Document Request to the extent that they request privileged information not subject to discovery, including information protected by the attorney-client privilege, work product doctrine or any other privilege or protective doctrines.

4. Plaintiff object to Defendant's Document Request to the extent that they assume, imply, or require legal conclusions.

5. Plaintiff object to Defendant's Document Request to the extent that they seek information already in the custody and control of the Defendants.

6. Plaintiff object to Defendant's Document Request to the extent they are premature at this stage of action, including but not limited to any effort to seek information concerning the Plaintiff's contentions or potential affirmative defense to the action prior to the close

of discovery in this case.

7. Plaintiff object to Defendant's Document Request to the extent that they are vague, ambiguous, overly broad, unduly burdensome, duplicative, oppressive, harassing, or that they seek to require that the Plaintiff undertake an unreasonable investigation.

8. Plaintiff object to Defendant's Document Request to the extent that they seek information in the possession and/or control of other parties; parties that have not been served in this matter, and entities that are not parties to this Lawsuit, including but not limited Plaintiff's witness or others.

9. Plaintiff object to Defendant's Document Request to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

10. Plaintiff object to defendant's Document Request to the extent they seek confidential information, including but not limited to, private personnel data, and other Private, non-public data, Plaintiff will produce relevant, non-privileged documents pursuant to the terms of a protective order.

11. In providing these Responses, Plaintiff do not in any manner waive:

a. All objections relating to competence, relevance, materiality, privilege and admissibility;

b. All rights to object, on any grounds, to the use of these responses, or information or documents provided in responses to these Document Request, in any other or subsequent proceedings, including any hearing in this or any other action;

c. All rights to object on any grounds to any further discovery requests involving or related to the subject matter or any of these Document Requests; and

d. All rights to supplement and/or amend these Responses based on recollections of persons presently unavailable or based upon the discovery of additional document or evidence.

13. Plaintiff object to the Defendant's request for Plaintiff Prison record, medical records from 2010 to now to the extent it is overly broad, unduly burdensome, or not maintained by the Plaintiff in the regular course of business.

14. Each of these General Objections is incorporated into Plaintiff Responses to each Document Request as if fully stated therin.

15. These General Objections and Responses are based on information currently known. Plaintiff reserve the right to amend, modify or supplement these General Objections and Responses to the fullest extent permitted by all applicable Rules and Court Orders.

## REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1: Legible copies of all statements which Concern the facts and Circumstances of the incident giving rise to this litigation or damages claimed as a result thereof.

RESPONSE: Plaintiff object to this Request as vague, harrassing, unduly burdensome and seeking documents already in the possession of the Court, see Plaintiff exhibits.

REQUEST NO. 2: Legible copies of all evidence and documents provided to or gathered by you or your attorney in your prosecution for case NO. 27-CR-19-13690. This is not a request for privileged attorney client communication or work product, but rather for all Communication between your counsel and the prosectors, the Court, or any third parties, and all evidence collected in your defense, including evidence provided to you by the prosecutors.

RESPONSE: Plaintiff object to this Request as being Vague, ambiguous, seeking information that is unlikely to lead to the discovery of admissible evidence. Plaintiff also object to this Request as being overly broad and unduly burdensome. Plaintiff further object to this Request to the extent it seeks information outside of the possession and control of Plaintiff. Plaintiff further object to the extent this Request seeks information already in the possession and control of Defendant's. Notwithstanding said objection, seek information from public defender Bryant Leary and prosecutor Joshua Larson.

REQUEST NO. 3: Legible copies of all documents, photographs, reports, diagrams, physical evidence, or other things, of whatever kind, which concern or relate to the allegations in the complaint.

RESPONSE: Plaintiff object to Defendant's Document Request to the extent that they are overly broad, unduly burdensome, or that to the extent that they seek information already in the custody and control of the Defendant's.

REQUEST NO. 4: Legible copies of all medical request, reports, bills summaries or other writing or charts which in any way ralate to the injuries alleged to be a result of the incident giving rise to this litigation.

RESPONSE: Plaintiff objects to Defendant's Document Requests to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 5: Legible copies of all documents relating or referring to any medical or psychological treatment Plaintiff received which you claim is related to the incident giving raise to this litigation.

RESPONSE: Plaintiff objects to Defendant's Document Request to the extent they seek confidential information, including but not limited to, private personnel data, Plaintiff produced relevant document see Plaintiff exhibits.

REQUEST NO. 6: Legible copies of each and every document, Item or thing you intent to seek to introduce as an exhibit at trial.

RESPONSE: Plaintiff objects to Defendant's Document Requests to the extent that they seek information already in the custody and control of Defendants.

REQUEST NO. 7: Legible copies of each and every

document consulted or referenced in your answers to the interrogatories served upon you

RESPONSE: Plaintiff objects to Defendant's Document Request to the extent that they seek information not proportional to the needs of the case, considering the importance of the issues at stake in this action, the importance of resolving the issues, and whether the burden or expense of the proposed discovery outweighs its benefit.

Date: December 25, 2025

James D. Wren pro se
2305 Minnesota Blvd
St. Cloud, MN 56304